### SARAH E. EASTON *vs.* LEMUEL EASTON.

The plaintiff and her husband lived with the defendant on his farm, all as one family, the plaintiff doing the housework, and the defendant and the husband carrying on the farm, till the husband's death, the plaintiff expecting to be paid for her services by the defendant. After the husband's death, when she claimed payment, the amount due was agreed upon, and the defendant gave her his note in settlement. In an action upon the note, the defendant claimed that the farm was carried on under an agreement with the husband, by which the products necessary to the support of the family were expended in its support, and the remainder equally divided between the husband and himself, and that the note was therefore without consideration. *Held*, that the note, having been fairly and freely given in settlement of an unliquidated claim likely to become the subject of litigation, was valid.

In an action by a widow who was the payee of a promissory note, against the maker, the defence relied upon being a want of consideration, it appeared that the plaintiff had worked for the defendant both before and after her husband's death, and the defendant contended that the work done before the husband's death was done under a contract between the husband and himself; and that he had paid for the work done since by two promissory notes, amounting to $300, given before the one in suit; and asked the court to rule that the first two notes would be presumed to be in payment of the work done after the husband's death, and that the performance of such work would not be a consideration for the note in suit, unless the jury considered the work worth more than $300. *Held*, that the instruction was rightly refused; that the circumstances under which the notes were given were for the consideration of the jury; and that there was no presumption either that they were or were not payment.

CONTRACT upon a promissory note for $500, signed by the defendant and made payable to the plaintiff or order, upon which was indorsed a payment of $50.

At the trial in the Superior Court, before *Dewey*, J., the defendant's deposition was put into the case, in which he testified that the note was without consideration; that there was no agreement between him and the plaintiff by which he was to receive anything, directly or indirectly, as a consideration for it; that he did not owe her or her deceased husband's estate anything at the time it was given; that she had never made any claim against him before that time for services rendered by her; that the note was a gift, and that he had a short time before given her two other notes, one of one hundred and one of two hundred dollars, the last of which he had paid. He also testified, in answer to cross-interrogatories, that his son Amos, the plaintiff's husband, died at his house February 27, 1872; that soon after he made a

will, by which he gave the plaintiff half his property; that he afterwards destroyed the will, and a short time after its destruction gave her at different times the other notes. There was also other evidence, tending to show that the note in suit was a gift, and that all the notes were given in lieu of the legacy given by the will.

It was undisputed that the plaintiff, her husband and their adopted child lived with the defendant in his house, constituting one family, and that the defendant and the plaintiff's husband together carried on the defendant's farm for thirteen years before the husband's death. The defendant offered evidence tending to show that the plaintiff's husband carried on the farm under an agreement by which the products of the farm were expended in part in support of the family, and the proceeds of the products sold divided equally between the defendant and the plaintiff's husband; that the plaintiff performed the housework for the family, and that the plaintiff knew of this agreement. The plaintiff testified that she did not know of the agreement; that she performed the housework for the family for many years; that she took care of the defendant when he was sick; that she remained in the house and performed the work for about a month after her husband's death, and that the notes were given her in payment for these services.

There was no evidence of any express contract between the parties that the plaintiff should be paid for her services, or of any conversation between her and the defendant in relation to compensation for them until after her husband's death, and about the time the notes were given. The plaintiff never gave the defendant any receipt or discharge. She testified that she performed the services with the expectation that the defendant would pay for them; that the defendant, in conversation with her after her husband's death, expressed his intention to pay her for them, and that the amount of the notes given was agreed upon by them. There was evidence that the defendant had stated that the plaintiff had done well for him, and that, at the time of his giving the note in suit, he assented to its being a proper return for what the plaintiff had done.

The defendant requested the following instruction, which was given by the court : " If the plaintiff's husband carried on the defendant's farm for a number of years prior to his death, under an agreement with the defendant that he and his wife should live upon the defendant's farm and receive a part of its proceeds for their services, the services rendered by the plaintiff during this period will be presumed to have been rendered for her husband's benefit, and she can maintain no action therefor even if she was ignorant of such agreement between her husband and the defendant."

He also requested the following instruction : " In the absence of any express agreement between the plaintiff and the defendant that he should pay her for her services during her husband's life, there will be no promise implied by law that the defendant shall pay her for such services, and she can maintain no action therefor ; and if this note was given as payment for such services, the defendant may set up these facts as a defence to the action."

This instruction was given, with the following addition : " But if the services were rendered by her in consideration of a compensation expected by her, and the defendant subsequently, after the death of the husband, assented to her claim and gave this note therefor, it is binding on him."

The defendant further requested the court to give this instruction : " In the absence of any agreement by the defendant to pay the plaintiff for any services rendered by her after her husband's death, for which the defendant might be liable, the first two notes of one hundred and two hundred dollars will be presumed to be in payment, and performance of such services would not be a consideration for the note in suit, unless the jury considered such services really worth more than $300."

This instruction was refused, and the following given in its place : " It is a question for the jury whether the plaintiff rendered services to the defendant in the expectation of compensation therefor, and whether, on her making the claim, the defendant assented thereto and agreed to give and did give all the several notes as an admitted proper compensation for her services ; if so, the plaintiff can recover on the note in suit, and the

question of the value of the services is not for the jury as bearing on the amount that she may recover."

The defendant also requested this instruction, which was refused : " If the plaintiff rendered services for the defendant after her husband's death without any agreement on the part of the defendant to pay therefor, and without expectation on the part of the plaintiff to charge therefor at the time, and the defendant, when he gave this note to the plaintiff, intended it as a payment for such services, and said that it would pay her well, the defendant may set up these facts as a defence to this action."

The court instructed the jury that if the services of the plaintiff were mere acts of kindness and voluntary aid, never intended by either party at the time to be the subject of compensation, then the plaintiff could not recover ; that the plaintiff must prove a legal and sufficient consideration for the note before she could recover ; that if the note was a gift, the plaintiff could not recover ; that blood and affection alone were not a sufficient consideration ; that if the note was given as a distribution of the defendant's property, and in place of a legacy in his will, the defendant not intending it as a payment of any debt due to her, or to her husband's estate, or for her services, he may set up these facts as a defence ; but if the services were rendered by the plaintiff without any bargain or arrangement, but with the expectation on her part of receiving a compensation therefor, though neither the nature nor amount of it was then fixed, and subsequently, in consideration for such services, she making the claim, the defendant gave the note therefor, it would be binding on him ; that if the consideration was for services rendered by her, and the defendant, admitting the same, agreed to give and did give her this note in consideration thereof, the mere inadequacy of the services would not be a defence, and was not a matter of inquiry by the jury upon the question as to how much the plaintiff was entitled to recover upon the note in suit.

The jury found a verdict for the plaintiff, and the defendant excepted.

*M. B. Whitney,* for the defendant.

*H. Fuller,* for the plaintiff.

MORTON, J. The ground taken by the defendant, that the note in suit was a gift from him to the plaintiff, is conclusively settled against him by the verdict of the jury, under instructions which upon that point were sufficiently favorable to him. It must be assumed that the jury found that the note was given upon a consideration, which, under the instructions given them, they regarded as sufficient to support a promise, and the question is as to the correctness of these instructions.

It appeared that the plaintiff, her husband and her child lived for thirteen years with the defendant, in his house, as one family, and that her husband and the defendant carried on the farm together until her husband died. The defendant contended that the farm was carried on under an agreement by which the products of the farm were expended in part for the support of the family, and the surplus was divided equally between the plaintiff's husband and the defendant; that the plaintiff knew of this agreement, and did the housework of the family under it. The plaintiff denied this, and testified that she did not know of such agreement; that she did the work of the family for many years, for the defendant, and with the expectation that he would pay her for these services. She also testified that, after her husband's death, the defendant expressed his intention to pay her for them; that they agreed upon the amount, and the defendant gave her his notes therefor. No evidence was offered of any previous express contract that she should be paid for her services. In view of this state of the case, the presiding judge instructed the jury that her services were "presumed to have been rendered for her husband's benefit," and that, "in the absence of any express agreement between the plaintiff and the defendant that he should pay her for her services during her husband's life, there will be no promise implied by law that the defendant shall pay her for such services, and she can maintain no action therefor; and if this note was given in payment for such services, the defendant may set up these facts as a defence to the action."

These instructions were given at the request of the defendant, and were sufficiently favorable to him. But the judge gave an additional instruction to the effect that "if the services were ren

dered by her in consideration of a compensation expected by her, and the defendant subsequently, after the death of her husband, assented to her claim and gave this note therefor, it is binding on him," which was objected to by the defendant.

Under this instruction the jury must have found that the plaintiff performed services for the defendant, not as a gratuity, but with the understanding and expectation that she was to be paid a reasonable compensation therefor ; that after her husband's death she made a claim upon the defendant for such compensation as a debt due to her ; that they agreed upon the amount and he gave his notes therefor. This was the settlement of an unliquidated claim, likely to become the subject of litigation, and being freely and fairly made, is binding upon the parties. If this note had been given to the plaintiff as a remuneration for her past services, for which she did not claim that the defendant was legally liable, it could not be enforced. It would fall within the rule, which the defendant relies upon, that an express promise, depending wholly upon a past and executed consideration, creates no legal liability. But one of the elements of the instruction given to the jury was that the plaintiff made a claim upon the defendant for compensation for her services. This implies, and must have been understood by the jury to mean, that she claimed it as a debt due to her, which the defendant was legally liable to pay. A note given in settlement of such a claim is a valid note. It would be unjust to permit the defendant to repudiate the note after the lapse of time may have made it difficult or impossible for the plaintiff to substantiate her claim. The consideration of the note is the settlement and compromise of an uncertain claim. It is the policy of the law to encourage such compromises, and to uphold them when made without fraud. *Medway* v. *Milford*, 21 Pick. 349. *Cobb* v. *Arnold*, 8 Met. 403. *Tuttle* v. *Tuttle*, 12 Met. 551. *Allis* v. *Billings*, 2 Cush. 19. We are of opinion, therefore, that the ruling excepted to was correct.

The presiding judge properly refused to rule, as requested, that " the first two notes of one hundred and two hundred dollars will be presumed to be in payment " of the plaintiff's services. The

circumstances of the giving of those notes were for the consideration of the jury, and there is no presumption either that they were or were not payment. *Exceptions overruled.*