## C. P. TREAT V. THOMAS PRICE.

FILED APRIL 7, 1896.   No. 6326.

47  875
47  862
d48  807
47  875
49  155

1. **Accord and Satisfaction:** CONSIDERATION:  DISPUTED CLAIMS.   The rule that when a certain sum is due from one to another, the payment of a lesser sum is no discharge as to the remainder, notwithstanding an agreement to that effect, is founded upon the fact that the later agreement is without consideration.   Such rule does not apply where the amount due is disputed or unliquidated.

2. ———:  ———:  ———:  DEFINITION OF "LIQUIDATED."   The word "liquidated," when used in this connection, means that the amount due has been ascertained and agreed upon by the parties or is fixed by operation of law.

3. ———:  ———:  ———.   The rule does not apply where there is a *bona fide* dispute between the parties as to the sum justly due.

4. ———:  ———:  ———.   The fact that the sum paid is in

Treat v. Price.

such case only the amount that the debtor concedes to be due, does not invalidate the settlement.

5. **Receipt:** SETTLEMENT: CONSIDERATION. If a consideration is necessary to sustain a settlement made by the payment and receipt in full satisfaction of the sum which the debtor admits to be due, it is found in the fact that the creditor by accepting such sum thereby avoids the delay, expense, and labor of an accounting, and avoids threatened litigation.

6. **Accord and Satisfaction:** PAYMENT: CONDITIONAL ACCEPTANCE. Where a certain sum of money is tendered by a debtor to a creditor on the condition that he accept it in full satisfaction of his demand, the sum due being in dispute, the debtor must either refuse the tender or accept it as made, subject to the condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary.

7. ———: ———: ———: RECEIPT. A being indebted to B in an uncertain amount sent to the C bank the amount which A conceded to be due, with instructions to pay the sum to B but only in full settlement, and on his signing a receipt to that effect. B, protesting that more was due, accepted the money and signed the receipt, but caused the bank to send back, accompanying the receipt, a letter declaring that he only received the money on account and not in settlement. *Held,* That by receiving the money he had accepted the condition on which it was tendered, and that his protest availed nothing.

8. ———: ———: ———: ———: AGENCY: NOTICE. *Held further,* That the terms of the receipt and the refusal of the bank to pay the money except upon his signing it, were notice to him that the bank had no authority to pay it except on the condition that it should be received in full settlement.

9. ———: RECEIPT. An *obiter dictum* in conflict with some of the foregoing statements, in *Price v. Treat,* 29 Neb., 536, disapproved.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

See opinion for statement of the case.

*Cowin & McHugh* and *Munger & Courtright,* for plaintiff in error:

Defendant below was entitled to a verdict under the evidence in this case and the court should have so instructed the jury.   The release executed by Price upon the last payment was a complete satisfaction of the demand.   The rule, that payment of a smaller sum cannot be a satisfaction of a larger debt, is applicable only to cases where the larger debt is fixed and liquidated, and does not apply where the previous claim is unliquidated and uncertain. (*Cumber v. Wane,* 1 Str. [Eng.], 426, and note; *Stearns v. Johnson,* 17 Minn., 142; *Fuller v. Kemp,* 33 N. E. Rep. [N. Y.], 1034; *American Manganese Co. v. Virginia Manganese Co.,* 21 S. E. Rep. [Va.], 466; *Reynolds v. Empire Lumber Co.,* 85 Hun [N. Y.], 470; *McDaniels v. Lapham,* 21 Vt., 222; *Bull v. Bull,* 43 Conn., 455; *Cummings v. Baars,* 36 Minn., 350; *Donohue v. Woodbury,* 6 Cush. [Mass.], 148.)

*Charles O. Whedon* and *C. A. Baldwin, contra.*

IRVINE, C.

Treat sued Price alleging in one count that he had performed, under a contract with Price, certain grading work for a railroad and asking judgment for an unpaid balance on account thereof; and in another count alleging the conversion by Price of certain tools used in the work.   The district court entered judgment for the defendant on the pleadings.   The plaintiff brought the case to this court on error, and the judgment of the district court was reversed. (*Price v. Treat,* 29 Neb., 536.)   The former report of the case contains a

sufficient statement of the pleadings. After the
cause was remanded, there was a trial to a jury
resulting in a verdict and judgment in favor of
the plaintiff for $10,372.13. The defendant now
brings the cause here by petition in error. Re-
curring to the former opinion it will be found that
one of the defenses pleaded was that the defend-
ant rendered to the plaintiff a statement of the
account, and that the parties fully settled and
adjusted the same, finding due the plaintiff
$6,532.27, which sum was paid by defendant and
accepted by plaintiff; in consideration whereof
Price executed and delivered to defendant the
following instrument:

"Received from C. P. Treat $6,532.27, in full
settlement of the within contract and in full of
all demands. In consideration of said payment
already received by me, I hereby release him, and
also the Fremont, Elkhorn & Missouri Valley R.
R. Co., and the Chicago & Northwestern Ry. Co.,
from all claims, actions, or causes of action which
have arisen or may or can arise to me against any
or either of them by reason of any connection I
may have had with them heretofore.

"Dated May 21, '86.          THOMAS PRICE.
"Witness: C. W. MOSHER."

The reply, among other things, while admitting
that plaintiff signed the receipt, denied that it
was executed in full settlement, or that the money
was received in settlement, and alleged that the
money was paid and received merely on account,
and with that agreement and understanding.
Discussing these pleadings the writer of the
opinion in 29 Neb. expressed himself to the ef-
fect that the acceptance of a portion of an undis-
puted claim not being a bar to an action for the

remainder, this case fell within that rule, because, to the extent of the payment made, the defendant admitted the amount to be due, and that this part was therefore not disputed; and the fact that plaintiff claimed a greater amount did not render the claim a disputed one. In this respect we think the former opinion was *obiter* and of no controlling force on the present hearing. The reply had put in issue the allegation that the money had been tendered and received in full satisfaction. Judgment had gone for the defendant on the pleadings, and the question before the court was only whether the written instrument set out was *prima facie* evidence alone or a formal contract, the terms of which were not open to contradiction by parol evidence. If the latter, then the reply, admitting the execution of the instrument, was in other respects immaterial; but if the instrument was merely a receipt and open to contradiction, then the reply sufficiently traversed the answer, and the judgment, in the absence of evidence, was wrong. That the court recognized this as the only question decided may be inferred from the fact that nothing else appears in the syllabus, as well as from the general current of the opinion itself.

The issue presented by these portions of the pleadings has now been tried. An instruction relating thereto was given at the request of the plaintiff, and one requested by the defendant was refused. The giving of the one and the refusal of the other are presented for review by appropriate exceptions and assignments of error. These instructions present sharply the different contentions of the parties as to the law on the subject, and we quote them. That given was as follows:

"The defendant claims in his answer that he has settled with the plaintiff and that he has paid him the full balance due him, through the Capital National Bank at Lincoln, Neb., and offers in evidence a receipt that was prepared by defendant and forwarded by him to the bank, together with an amount of money to be paid plaintiff, with instructions to the bank that the money should be paid over to plaintiff when he signed the receipt so forwarded with the money, which receipt is signed by the plaintiffs and purports to be a receipt in full of all claim on the part of plaintiff against defendant growing out of the contract here sued upon. You are instructed that the receipt so offered by the defendant is *prima facie* evidence of the fact stated therein, but is not conclusive. It places the burden upon the plaintiff to show by evidence to your satisfaction not only that the amount paid at the time the receipt was signed was not the actual amount due, but he must go further and show that at the time he signed the receipt and took the money he did not accept nor intend to accept the sum named in the receipt as a full settlement of his claim, and that he so notified the defendant, that such notice was given by him without unreasonable delay." The instruction refused was as follows: "You are further instructed that if you find from the evidence that the defendant Treat sent the $6,532.27 to the Capital National Bank at Lincoln for the plaintiff Price at the request of the plaintiff Price, and that the defendant sent said money to said bank to be delivered to plaintiff only upon condition that the same should be accepted by him in full satisfaction and settlement of what was due from the defend-

ant to plaintiff under the contract sued upon in this action, and that the plaintiff Price, with knowledge of the fact that the defendant Treat so sent the money to be paid to him upon such condition, and thereafter accepted said money, that such acceptance would be a full and complete satisfaction, and he would not be entitled to recover in this action, notwithstanding he may, after receiving said money, have notified the defendant Treat that he did not receive or accept the same in full settlement but only to be applied upon account."

A short statement of the evidence applicable to the issue will elucidate these instructions. There is evidence tending to show that Price had requested Treat to remit through the Capital National Bank. Treat accordingly sent the sum named in the form of a draft to the bank, with a letter instructing the bank to pay the amount to Price, "in full settlement of all demands, but only upon his signing the receipt which I have written out for him upon the enclosed contract." The original contract for the work, bearing the receipt pleaded by the defendant, was enclosed together with the draft in this letter. Price had several conversations with Mosher, the president of the bank, and endeavored to get the money without signing the receipt, protesting all the time that a larger amount was due. He finally did, however, sign the receipt, and Mosher paid the money to him. But the same day he wrote the following letter, and delivered it to Mosher with the request that he remit it to Treat with the receipt:

"LINCOLN, 21st May, 1886.

"*C. P. Treat, Esq., Chadron:* I have this day signed the receipt on the contract between you

and me and delivered same to Capital National Bank. I sign this receipt subject to this condition, that any errors or mistakes in the classification of the work are to be corrected hereafter; also, any errors in measurements of the work or in the accounts you have sent me are to be corrected hereafter. I have never seen the vouchers upon which you base your charges against me, nor any of the orders for goods which you have charged against me, and if these accounts are not correct, I shall hold you for the balance due me. I wish you to send these orders and vouchers to the bank here or to me, so I can examine them in connection with your accounts. · If there are any errors in these accounts, they must be corrected. I am satisfied there is yet a large sum due me from you on account of wrongful classification of work, wrong measurements, and wrongful and unwarranted charges against me for goods and labor. I do not propose to be bound by any receipts unless I am paid all that is justly due me.

"Yours truly,        THOS. PRICE."

In view of this evidence it will be observed that by the instructions requested, both sides, notwithstanding the *dictum* in the former report, conceded that an acceptance of the amount tendered, in full satisfaction, would be a valid settlement and discharge of any claim; and this is right. The doctrine that a debt is not discharged by the receipt, even ostensibly in satisfaction, of a smaller amount, is based on the fact that there is in such case no consideration. (*Pinnel's Case*, 5 Coke [Eng.], 117; *Cumber v. Wane*, 1 Str. [Eng.], 426.) It does not apply to the case of a disputed claim. (*Slade v. Swedeburg*, 39 Neb., 600; *Tanner v. Merrill*, 65 N. W. Rep. [Mich.], 664; *Bull v. Bull*, 43 Conn.,

455; *McDaniels v. Lapham*, 21 Vt., 222; *Alvord v. Marsh*, 12 Allen [Mass.], 603; *Easton v. Easton*, 112 Mass., 438; *King v. City of New Orleans*, 14 La. Ann., 389; *Donohue v. Woodbury*, 6 Cush. [Mass.], 150; *Hills v. Sommer*, 53 Hun [N. Y.], 392; *Reynolds v. Empire Lumber Co.*, 85 Hun [N. Y.], 470; *Fuller v. Kemp*, 138 N. Y., 231; *United States v. Adams*, 7 Wall. [U. S.], 463; *United States v. Child*, 12 Wall. [U. S.], 232.) In some of these cases the old rule is stated to apply to liquidated claims, and the distinction is made between claims that are liquidated and those which are not. The term "liquidated," when used in this connection, means one where the amount due has been ascertained and agreed upon by the parties, or is fixed by operation of law. (*Hargroves v. Cooke*, 15 Ga., 321. See, also, Anderson's, Sweet's, and Bouvier's Law Dictionaries, where similar definitions appear.) In this sense this claim was not liquidated. The contract fixed different prices for excavating solid rock, loose rock, and earth, and while the parties substantially agreed as to the total amount of excavating, the classification of the work was in dispute, so that the amount due was not settled or agreed upon by the parties, nor was it fixed by operation of law; but could only be determined by a future agreement or by proof as to the amount of each class of work. Nor do the adjudicated cases support the *dictum* in the former opinion, to the effect that where only the amount admitted to be due is paid, so far the claim is within the rule as one liquidated or not disputed, notwithstanding the plaintiff claims a greater amount. In many of the cases cited the amount tendered was precisely the sum admitted to be due. If a consideration is in such case necessary, it may be found in

the fact that the payee receives immediate pay-
ment of so much as is paid, without the expense,
delay, or labor of an accounting, in or out of court;
and avoids thereby threatened litigation, which,
we think, is always considered a valuable consid-
eration.    It has been necessary to consider this
broad question, notwithstanding the fact that
both instructions seem to have been based on a
similar theory of law, because if the law were
in accordance with the *dictum* referred to, the
instruction given at plaintiff's request would
be more favorable to the defendant than was
warranted; and any erroneous statements therein
would be for that reason without prejudice.
The fundamental difference in the instructions
was that that given permitted a recovery if
a greater amount was in fact due, and if the
plaintiff did not intend to receive the sum
named in full settlement, and without unrea-
sonable delay notified the defendant; while the
instruction refused bound the plaintiff if he ac-
cepted the money knowing that it was tendered
only upon the condition that it should be received
in full satisfaction.    The latter rule is correct.
When money is offered on condition that it be ac-
cepted in full satisfaction of a demand, the person
receiving it, if he receives it at all, must take it
subject to the condition named.    His acceptance
of the money under such a tender is an acceptance
of the condition, notwithstanding any protest that
he may at that time or afterwards make to the
contrary. (*Fuller v. Kemp, supra; Reynolds v. Em-
pire Lumber Co., supra; Donohue v. Woodbury, supra;
McDaniels v. Lapham, supra.*) This principle is so
clear and so well supported by authority that no
discussion seems necessary.    It was not, there-

fore, the defendant's intention, secret or express, when he received the money, which controlled the legal effect of the transaction.    It was the condition attached to the tender of the money, which condition was accepted by the fact of his receipt. So that neither defendant's verbal protests to the bank nor his written declaration to the plaintiff could change the legal effect of his act.

It may be said that there is evidence tending to show that the bank or Mosher was plaintiff's agent for the purpose of paying the money, as there is also evidence tending to show that Mosher informed defendant that his signing the receipt would not affect his legal rights; that, therefore, Mosher's paying the money in the face of defendant's protest that a larger sum was due, was a waiver of the condition.    But the answer to this is that Mosher had no authority to waive the condition.    His instructions were absolute to pay the money only in full settlement, and on the signing of the receipt.    It is true that the evidence is conflicting as to whether plaintiff was shown this letter.    But it is immaterial whether it was shown him or not, because the receipt itself and Mosher's requirement that it should be signed was sufficient notice to the plaintiff that Mosher had no other authority and could not waive the condition. We think the instruction requested by defendant should have been given, and that requested by plaintiff refused.

REVERSED AND REMANDED.