T. F. GREENLEE, Appellee, v. JULIA E. MOSNAT, Executrix of the Will of J. J. MOSNAT, Deceased, Appellant.

**Special interrogatories.** Special interrogatories in the nature of a cross-examination of the jury should be refused.

**Compromise and settlement:** EXCLUSION OF EVIDENCE. In an action to recover of an attorney money collected for a client, after deducting a stated collection fee, where defendant admitted the service but denied that the collection fee as alleged was agreed upon and pleaded other and prior services performed and full settlement of the entire controversy, it was error to exclude evidence of such other service, which was not cured by the indirect appearance in the record of a portion of the excluded testimony.

*Appeal from Benton District Court.*— HON. G. W. BURNHAM, Judge.

THURSDAY, JANUARY 12, 1905.

THE opinion states the case.— *Reversed.*

*C. Nichols* and *Tom H. Milner,* for appellant.

*C. W. E. Snyder, S. B. Montgomery,* and *Gilchrist, Whipple & Brown,* for appellee.

WEAVER, J.— The plaintiff brings this action at law, alleging that he employed J. J. Mosnat, an attorney at law, to collect certain claims held by him against certain insurance companies, under an agreement that said Mosnat should have and receive in full compensation for his services ten per cent. of the amount so collected. He further alleges that Mosnat did collect said claims, but has failed to pay over the full amount due the plaintiff, after deducting the agreed commission of ten per cent., and he asks a verdict for the remainder. Mosnat appeared and answered, admitting that he performed services for plaintiff in the collection of said claims, but denied that he agreed to accept ten per cent. of such collections in full payment. He further answers, alleging that after performing the service he had an accounting and settlement with plaintiff, and paid him the full balance found due. He further alleges that prior to the time of his employment to collect these claims he had performed other services for the plaintiff in and about certain other claims against another insurance company, and in preparing proof of loss thereon, and that, after making the collections above referred to, a controversy arose in good faith between plaintiff and the defendant as to the amount of the defendant's compensation, and as to the sum plaintiff was entitled to demand and receive, and that, for the purpose of putting an end to said controversy, the defendant offered and tendered to the plaintiff the sum of $4,004.75 in full payment and satisfaction of his claim for moneys in defendant's hands, and that plaintiff, with full knowledge of the offer, accepted and received the money, and has ever since retained it. There was a trial to a jury, and verdict for the plaintiff. The judgment entered upon this verdict was reversed by this court on defendant's appeal. *Greenlee v. Mosnat,* 116 Iowa, 535. A retrial having resulted in another verdict and judgment for plaintiff, the defendant again appeals. Since the first trial, J. J. Mosnat has died, and the executrix of his will has been substituted as the party defendant.

I.   The appellant assigns error upon the ruling of the trial court in refusing to submit certain special findings. Without attempting to set out the proposed interrogatories — eleven in number — we may say that, in our

1. SPECIAL IN-
TERROGATORIES.

judgment, they do not call for ultimate facts, but are rather in the nature of a cross-examination of the jurors concerning the method of their deliberations, and there was no error in refusing to submit them.

II.   The next objection is of a more serious nature. It has been noted in the statement of the issues that defendant pleads that, prior to his appointment by the plaintiff to

2. COMPROMISE
AND SETTLE-
MENT: exclu-
sion of evi-
dence.

bring suit upon the insurance policies mentioned in the petition, he performed other services for the plaintiff, and that, after the collections had been made, a controversy in good faith having arisen as to his compensation, he tendered a certain sum, to be received in full satisfaction of plaintiff's claim, and that plaintiff accepted and received it.   For some reason not entirely clear from this record, the trial court ruled out all evidence offered by defendant in support of the allegation concerning services alleged to have been rendered by plaintiff for defendant prior to the date of the alleged contract for a ten per cent. commission.   For example, the defendant, as a witness in his own behalf, was asked whether he performed services for the plaintiff prior to the date of the alleged contract for a ten per cent. commission, what such services consisted of, and whether any agreement was had with plaintiff concerning the amount of compensation to be paid therefor. Answers to all these questions were excluded on the ground of immateriality.   Error is predicated upon these rulings, and we are constrained to hold the exception well taken.   In the first place, the matters inquired about were directly pleaded and relied upon in the answer, and, at least as a general rule, a defendant may offer evidence to establish the truth of any fact pleaded by him and not admitted.   In the second place, it was vital to this branch of the defense to

prove that the alleged controversy over the amount of the defendant's compensation was in good faith. If the jury found that there was an agreement for a ten per cent. commission for collecting the policies mentioned in the petition, and there was no showing of any other service rendered, they might believe that the claim made by defendant for more than such commission was not asserted in good faith, while, if it were proven that defendant had in fact performed other and additional services for plaintiff, for which no compensation had ever been made, such fact might very properly lead the jury to the opposite conclusion. It follows as a necessary consequence that the exclusion of the defendant's evidence in support of this claim was prejudicial error.

Counsel for appellee seek to avoid this result by suggesting that, notwithstanding the rulings complained of, the defendant did in fact state what he claimed to be the fact in respect to this service. But this is hardly correct. It is true that defendant did speak of certain service performed by him in relation to a claim against another insurance company, but the matter came into the record in an indirect manner, and did not serve to neutralize the effect of the rulings complained of. The exclusion of the testimony was so often and so emphatically repeated that the jury must have been thoroughly impressed with the thought that the testimony was immaterial, and not entitled to any weight in the defendant's favor. The ruling sustaining the plaintiff's objection was never withdrawn or modified, and we cannot assume that the error was cured because a part of the excluded testimony indirectly found its way into the record.

As there have been two verdicts in the case, we regret the necessity of remanding it for another trial, but the error referred to seems to be manifest, and its prejudicial character cannot be doubted.

For the reasons stated, the judgment of the district court is *reversed.*