————o————

No. 4540.

Court of Appeal, Parish of Orleans.

## W. G. COYLE & CO. VS. JOHN F. McCOY.

1. The maker of a negotiable instrument by making it, engages that he will pay it according to its tenor.

2. In the absence of allegations of fraud or error, the maker of a nego-

—84—

tiable instrument may not be permitted to show the existence of a contemporaneous parol agreement by which the term given for the performance of the obligation is not the determinate lapse of time written in the instrument, but some other time.

3. A valuable consideraion may, in general terms, be consist either in some right, profit, or benefit accruing to the party who makes the contract, or some forbearance, detriment, loss, responsibility or act or labor or service on the othe side. And if either of these exists, it will furnish a sufficient valuable consideration to sustain the making or indorsing a promissory note in favor of the payee or other holder.

Appeal from Civil District Court, Division "C."

Merrick & Lewis, Gensler & Schwarz, for Plaintiff and Appellee.

Lazarus, Michel & Lazarus, B. C. Shields, for Defendant and Appellant.

MOORE, J. This was a suit on two promissory notes executed by the defendant and in favor of the plaintiff firm, each for the sum of $106.80, payable respectively ninety-two days and four months after date, with eight per cent per annum interest.

For defense the answer avers, 1st, that the notes sued on were executed and delivered "with the express understanding that defendant was not to be called on to pay the same until he was able to do so, his condition at this time puts it beyond his power to meet the demand;" and 2nd, and in the event "he (defendant) is precluded from inquiring and administering proof in support of this agreement" that, then, the notes were issued without consideration.

There was judgment for plaintiff as prayed for and the defendant appeals.

## I.

So far as concerns the first defense it may be said that in this particular the answer is nothing more or less than an allegation of the existence of a contemporaneous oral agreement that the term fixed in the absolute written instruments, for the performance of the obligation, is not the definite lapse of time written therein, but some other time.

This is no defense, for the evidence to sustain the alleged contemporaneous agreement would be inadmissible in the instant cause forasmuch as it is not in writing.

The maker of a negotiable instrument by making it, engages that he will pay it according to its tenor. Sec. 30, Act 64 of 1904. Hence, in the absence of allegations of error or fraud, he may not be permitted to show by parol that a period of time other than that stated in the negotiable instruments was, by a contemporaneous agreement, fixed as the maturity of the instruments.

No verbal agreement can take effect, if contemporaneous with the making of the instrument; for that would be to allow verbal evidence to vary a written contract. "Every bill or note," says Parke T., "imports two things, value received and an engagement to pay the amount on certain specified terms. Evidence is admitted to deny the receipt of value, but not to vary the engagement."

"A promise by the payee of a promissory note, made at the time of its delivery, that he will see that the note is not enforced according to its terms, cannot prevail to defeat an action on the note." Wood vs. Shaeffer, 178 Mass. 443; and to the same effect is Perry vs. Boyelon, 128 Mass. 129, Hall vs. First National Bank, 173 Mass. 16, Woodbridge vs. Spooner, 3 B. and Ald,. 233; Gette vs. Burkett, 55 Ky. (40 Pac. Rep. 925).

In the Hall case *supra*, (173 Mass.), Holmes, J., said: "The understanding alleged in the bill that the Bank would renew the plaintiff's notes until such time as the improvement in the business situation should enable the plaintiff to proceed in business without such assistance is an understanding which directly contradicts the promise expressed on the face of the note. For whereas the promise expressed in the note is a promise to pay money at the maturity of the instrument, the contemporaneous understanding cuts it down to a promise to give a new promise to pay. It is not denied, and on the contrary, rather implied in the bill, that the agreement to renew was not in writing. If so it cannot be proved in contradiction of any written contract, and especially not of a bill or note in an action at law."

"Parol evidence of declarations by a payee to the maker, endorser or guarantor of a note, made at the time of signing, that such signer should not be called upon to pay the note, is

incompetent." Wright vs. Renington, 41 N. Y. 48 (32 Am. St. Rep. 180). "An absolute unqualified written acceptance of a bill of exchange cannot be cut down to a conditional one even by the clearest proof of a contemporaneous oral agreement to that effect," Burns and Smith, etc., Co. vs. Doyle, 71 Conn. 743 —(71 Am. St. Rep. 235).

The defense to a note payable in one year than an oral or collateral agreement provided that payment should not be demanded until the expiration of five years is no bar to a suit brought before the lapse of five years—Dow vs. Testtle, 4 Mass. 4162, Parsons N. Bill, 530-31.

The general rule is that a prior or contemporaneous oral agreement intended to add to a cut down or vary a written agreement is without legal effect. It is founded on the principle that a writing expresses the final views of the parties to the exclusion of all prior or contemporaneous agreements or understandings. C. C. 2276.

Of course, when the defense is that the instrument was not intended to have any existence at all, that the writing purporting to be a contract never came into existence as a contract, or it has ceased to be a contract, these may be shown by evidence outside of the writing. The latter rule is not an exception to the former nor an infringement of it. The practical distinction between the two rules was tersely stated by Erle J. in Pym vs. Campbell, E. El. & B. 370, as follows: "The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all, is admissible.

## II.

The defense of want of consideration is without merit forasmuch as the averments in defendant's answer, themselves as well as the testimony adduced, show that the notes sued on were given in part payment for a boat load of coal sold by plaintiffs to defendant in the fall of 1903 and which boat and coal were lost by sinking. The parties differed as to who should bear the loss,—the value of the boat and coal "approximating $800.00," as averred in plaintiff's answer,—but finally the defendant agreed to pay for it and did, on various occasions, pay in cash and on account therefor, $502.00, and subsequently, to-wit, on the 28th

March, 1905, he settled the balance due thereon by executing the notes sued on, one, as stated maturing in ninety-two days and the other in four months.

Whether, as matter of law, the loss of the boat and coal was to be sustained by the buyer or the seller, is a matter that can not be enquired into.

A final settlement, and adjustment of the matter, which occurred in the fall of 1903, was, long after its occurrence made by the parties. The defendant recognized his liability, paid a part of it and now, when sued on the notes given to represent the balance due on his assumed obligation, he seeks to re-open the transaction. This he may not be permitted to do.

"There would be very little use in compromising controversies, if, after such compromise the whole matter remained open and it were a good defense to a note given in settlement that a meretorious defense existed to the original claim. When facts out of which a defense are known to the party, making the claim and fraudulently concealed from and unknown to the other party, at the time of the compromise, such fraud may be shown, but on the absence of any such fraud evidence of the mere fact that a defense existed is not admissible." Tester vs. Weber, 78 N. Y. 334; see also Smith vs. Richards, 29 Conn. 332;

"If there be any reasonable doubt about the validity of the claim a compromise thereof is, a sufficient consideration for a note and in an action on such note the invalidity of the claim compromised cannot be asserted," Cobb vs. Arnold, 8 Met. (Mass.) 403; Easton vs. Easton, 112 Mass. 438.

The consideration was sufficient to sustain the making of the notes sued on.

"A valuable consideration," says Mr. Justice Story in the work on Promissory Notes, page 186, "may, in general terms, be said to consist either in some right, profit or benefit accruing to the party who makes the contract, or some forbearance, detriment, loss, responsibility or act or labor or service on the other side. And if either of these exists, it will furnish a sufficient valuable consideration to sustain the making or endorsing a promissory note in favor of the payee or other holder." Benner vs. Van Norden, 27 A. 473.

The judgment is affirm.ed

December 7, 1908.

Rehearing refused January 11, 1909.