## McCORMICK v. SHEA.

(Supreme Court, Appellate Term. June 26, 1905.)

ACCORD AND SATISFACTION—EVIDENCE—QUESTIONS FOR JURY—ERROR.

Where, in an action on a promissory note, defendant alleged separately that her indorsement thereon was canceled pursuant to a compromise and as an incident to an agreement of accord and satisfaction, while plaintiff claimed that a payment made at the time was on another note, and there was evidence of dispute as to the respective obligations of the parties and of their adjustment and satisfaction, the weight thereof was for the jury, and its determination by the court was error.

Scott, P. J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by John McCormick against Annie A. Shea. From a judgment for plaintiff, and from an order denying her motion for a new trial, defendant appeals. Reversed.

See 85 N. Y. Supp. 1029.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ

Franklin Bien, for appellant.
David Bernstein, for respondent.

MacLEAN, J. The plaintiff's action was upon a promissory note indorsed by the defendant, who alleges separately that the indorsement was canceled pursuant to a compromise, and as an incident to an agreement of accord and satisfaction. The note was taken as security for some transaction between the plaintiff and the defendant's husband. The indorsement was crossed out after delivery of the note to the plaintiff at his office, before maturity, and over a year before the commencement of this action. The crossing out was done by the defendant's attorney on the occasion of giving the plaintiff a check claimed by the plaintiff to be payment upon another note, claimed by the defendant to be payment under an agreement between the parties in settlement of all differences between them. In the conflict of evidence respecting both defenses the finding of the jury would be controlling, save for two exceptions to charges by the learned court upon request. The payment already mentioned was the amount of a note made by the defendant to the plaintiff, less the sum of $85. Whether this deduction was arrived at by the plaintiff's allowing the amount of a claim on the sale of an ambulance, or by the defendant's waiving a part of her claim on the ambulance in consideration of the cancellation of her indorsement and the settlement of all differences, was an open question on the evidence. In view of this, the charge that "the defendant was already liable on the note of $525 as the maker thereof, and that the payment of the sum on account thereof was no consideration for the cancellation of her indorsement of the note in suit," although literally correct if taken alone, was close to misleading. The question at issue was begged, however, in the charge "on the question of accord and satisfaction. There was no accord and satisfaction, because the plaintiff's claim on the note of $525 was fixed and liquidated at the time of the acceptance by him, under protest, of the sum of $448.25," with its continuance "that there was no accord and satisfaction unless there was a genuine bona fide dispute between the parties about the amount claimed to be due, depending upon contingencies or something uncertain." Evidence of dispute and difference as to the respective obligations of the parties, and of their adjustment and satisfaction, there was. What was its worth or worthlessness was for the jury, and not for the court, to determine. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DUGRO, J., concurs.

SCOTT, P. J. (dissenting). As I read the testimony, there was no dispute whatever, at the time of the alleged cancellation of defendant's indorsement, as to her liability upon the note now sued upon. She was also liable to plaintiff upon another note for $525. He demanded payment. There was some question about a claim

on behalf of defendant against plaintiff, and the amount was, after discussion, fixed at some eighty-odd dollars. This was deducted from the amount due on the $525 note, and a check for the difference given to plaintiff. By this transaction defendant was allowed all that she claimed against plaintiff, and she paid him no more than she owed him upon the $525 note, less whatever was then due on open account. Whatever controversy there was related only to this open account. The note now sued on was in no wise concerned in the dispute. As to it, there was no dispute whatever, and no consideration passed for the cancellation of defendant's indorsement. No just objection can therefore be taken to the charge of the learned justice. In the main, the charge was quite as fair to defendant as she could reasonably ask, and it is not surprising that the jury refused to credit her story as to how and why the indorsement was erased.

The judgment should be affirmed, with costs.