SMITH v. BRONSTEIN.

(Supreme Court, Appellate Term.　December 20; 1907.)

ACCORD AND SATISFACTION—EVIDENCE.

> Some eight or ten cases of goods purchased of plaintiff by defendant having been delivered February 14, 1906, two of the cases were returned on the succeeding day as not the goods ordered.　On May 29th defendant sent plaintiff a check on which he indorsed the words: "The amount of this check, $481, in payment of all bills to date."　Plaintiff, on receiving the check, struck out the indorsement without notice to defendant, deposited the check to his credit, and collected the money.　He also wrote a note to defendant, saying that defendant still owed $1.60 for interest and that he had credited the amount of the check against defendant's account, but said nothing as to the cases returned.　*Held*, that such check constituted an accord and satisfaction, relieving defendant from any liability for the goods returned and of all claims, except as to the $1.60 interest.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Albert D. Smith against Harris Bronstein.　From a Municipal Court judgment for plaintiff, defendant appeals.　Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Alfred B. Jaworower, for appellant.

Douglass & Minton (E. Dudley Barlow, of counsel), for respondent.

PER CURIAM.　Some time previous to·February 14, 1906, the defendant purchased some eight or ten cases of goods from plaintiff, all of which were delivered on February 14, 1906.　Two cases, constituting the subject-matter of this action, were returned by defendant to plaintiff on February 15, 1906, as not being the goods ordered.　On May 29, 1906, defendant sent to plaintiff a check for $481, upon which he indorsed the words: "The amount of this check, $481, in payment of all bills to date."　The plaintiff, on receiving the check, struck out the words so 'indorsed, without notice to defendant, and deposited the same to his own credit, and collected the money thereon.　He also wrote a note to defendant, saying that defendant still owed $1.60 for interest, and that he credited the amount of the check against defendant's account.　Nothing, however, was said as to anything being still due for the goods returned on February 15th, some three months previous to the sending of the check.　Plaintiff claims there was some question about the receipt of these goods by plaintiff, 'and it was understood that the claim as to the returned goods was to be held in abeyance until the facts were ascertained in respect thereto.

The evidence clearly shows that the goods in question were, in point of fact, returned by defendant to plaintiff on February 15th, and there is no positive proof that they were not received by plaintiff, 'while, on the contrary, there is evidence of admissions by plaintiff of the receipt of the goods.　Certainly it would not seem that it required more than three months to ascertain whether or not the 'goods had been received by plaintiff.　Under the evidence presented, we are of opinion

that, in view of the dispute as to the amount due, the length of time that had elapsed between the return of the goods and the sending of the check, with the above-quoted indorsement thereon, and the retention of the check by plaintiff without notice of any dissent from defendant's claim that it was sent in full payment, except as to $1.60 interest, there was an accord and satisfaction with respect to the claim in suit, and that the court below erred in giving judgment for plaintiff. Fuller v. Kamp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.