### GRIBBLE v. RAYMOND VAN PRAAG SUPPLY CO.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

1. FRAUDS, STATUTE OF—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.
  An oral contract of employment for a year, made in advance of the time the year was to commence, is void under the statute of frauds; so that any recovery for services must be on a quantum meruit.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 80.]

2. ACCORD AND SATISFACTION—PART PAYMENT.
  There is accord and satisfaction where plaintiff asserted that under his contract of employment he was entitled to commissions not only on orders taken by him personally, but on those sent in by his customers, and defendant asserted the contrary, and on that basis drew and delivered a check, reciting that it was in full for commissions, and plaintiff having reason to believe it was not the full amount to which he was entitled on the contract as claimed by him, but knowing that defendant claimed it was in full, accepted and used it, striking out, unknown to the defendant, the recital that it was in full.

Appeal from Trial Term.

Action by James Gribble against Raymond Van Praag Supply Company. From a judgment for plaintiff, entered pursuant to the report of a referee to whom the issues were referred to hear, try, and determine, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

H. S. Sayers, for appellant.
William R. Hill, for respondent.

LAUGHLIN, J. The action is brought to recover damages for the wrongful discharge of the plaintiff before the termination of a contract by which he was employed as a salesman by the defendant to sell plumbers' supplies. Plaintiff alleges that he was employed by the defendant on or about the 1st day of May, 1904, for the period of one year, on a commission basis by which he was to receive a commission of 5 per cent. on the gross selling price of all goods except lead and 1 per cent. on the gross selling price of lead, he to bear his own expenses; that the agreement was that he was to have these commissions on all orders taken by him and on all book accounts with persons purchasing from the defendant through the influence or at the solicitation of the plaintiff, and that his commissions were to be payable monthly; that defendant has failed to pay plaintiff his just commissions and to render him an account of the sales upon which he was entitled to commissions;

that the commissions earned by the plaintiff were not withdrawn when earned, but were allowed to remain with the defendant as a credit to the plaintiff upon which the plaintiff drew from time to time; that defendant kept the accounts and the plaintiff has not had access thereto, and therefore has no accurate knowledge with respect to the balance owing to him, but believes that it amounts to more than $3,000, and that an accounting has been demanded and refused. The prayer for relief is for an accounting. The answer puts in issue the material allegations of the complaint and alleges that the agreement to pay commissions was limited to commissions on orders actually taken by the plaintiff, and that on or about the 9th day of February, 1905, the defendant rendered an account to the plaintiff of the sales made on orders obtained by him and of the commissions due thereunder, which was received and retained by the plaintiff, and that an account was stated between the parties and a balance of $577.52 was found to be due to the plaintiff from the defendant for all matters and things down to the 1st day of January, 1905. The defendant also pleaded the statute of frauds. The relief demanded would indicate that this is a suit in equity; but it is an action at law for a balance of account for services.

The complaint did not show that the contract was not to be performed within one year, but the testimony of the plaintiff did. The testimony of the defendant, however, showed that the employment was for no specified period. Upon the trial the plaintiff showed that he was discharged without cause on the 1st day of April, 1905. He did not present any evidence upon which damages could be predicated after the date of his discharge, and he expressly disclaimed any claim to recover anything other than the commissions earned prior to his discharge. He was then permitted to amend the complaint by showing his discharge as aforesaid. At the close of the evidence counsel for the defendant moved to dismiss the amended complaint upon the grounds, among others, that the contract was void under the statute of frauds, and that if there was any right of recovery, it was on a quantum meruit, and that the value of the plaintiff's services had not been shown to warrant a recovery on that theory. The motion was denied, but thereafter the plaintiff was permitted to reopen his case and amend the complaint by alleging in accordance with the testimony introduced in behalf of the defendant, that no term of employment was fixed by the contract. It is open to serious doubt whether the referee had authority to grant this amendment. It materially changed the plaintiff's claim. As the case stood, he was asking to recover on an express contract for employment for one year, and on his evidence the contract rested in parol, and was made some days in advance of the period when the year was to commence, so that it was void under the statute of frauds. The plaintiff therefore could not recover thereon, but could only recover on a quantum meruit, and it is doubtful if a sufficient basis for recovery on that theory was laid. The only evidence of the value

of the plaintiff's services was the express contract, which was void. The defendant, however, probably sustained no substantial prejudice by the allowance of the amendment, and we think the judgment must be reversed on another ground. The plaintiff, in asking for and being granted leave to amend in this particular, accepted the testimony introduced by the defendant ~s true. This necessarily materially weakened the weight of the ṗ aintiff's testimony with respect to the other provisions of the contract. The only controverted point was as to whether the plaintiff was to receive commissions on all orders entered upon the books of the defendant from customers from whom the plaintiff had obtained any order for the defendant, regardless of whether he had been consulted concerning or was instrumental in obtaining the particular order. On this point his testimony was flatly contradicted by evidence introduced by the defendant. These conflicting claims of the parties with respect to the terms of the contract are very material on the proposition as to whether there has been an accord and satisfaction. The evidence shows that the defendant made payments to the plaintiff of $100 each on the 9th and 27th days of June, the 12th day of July, the 1st and 22d days of August, the 9th day of September, the 20th day of October, the 3d and 21st days of November, 1904, and the sum of $200, on the 22d day of December, 1904, by checks payable to his order, which did not specify the purpose for which the payments were made. The evidence satisfactorily shows without serious question that on or about the 9th day of February, 1905, the plaintiff called at the office of the defendant, after he had been requested to come in for the purpose of settling the account, and for that purpose had submitted a list of customers on whose accounts he claimed, as shown by his letter of January 4, 1905, and received a check for $577.52, which recited on its face as follows: "Payment in full for commissions to January 1st, 1905;" that before leaving the defendant's office he read the check and observed the clause to the effect that it was payment in full for his commissions, and apparently appreciated the force and significance thereof, for, without protesting to the defendant or any of its employés, and without its knowledge or consent, he struck the words herein quoted from the check and presented it at the bank for payment and received the money. Evidence was given on the part of the defendant tending to show that at this time there was a discussion between certain officers and employés of the defendant and the plaintiff, to the effect that the check was delivered and accepted in full settlement of his claim for commissions to January 1, 1905. This, however, is controverted by his testimony. It appears, without controversy, that prior to this time one order in particular, aggregating from $10,000 to $12,000, had been received by the defendant from a party from whom the plaintiff had endeavored to obtain an order and had sent in an unauthorized order, and the question as to whether the plaintiff was entitled to a commission on that order had been discussed between the bookkeeper of the defendant and the plaintiff.

In that discussion the plaintiff had asserted his right to a commission on the order, and the bookkeeper had denied this, and asserted in effect that the plaintiff would not be allowed a commission on it. The recovery includes commissions on that item. According to the testimony of the plaintiff, he did not have accurate knowledge concerning the orders received by the defendant by mail and otherwise than directly through him, upon which he claims commissions, but it is evident that he was in a position to have general knowledge concerning the orders the defendant was receiving and executing from his customers. Prior to his discharge he received commissions aggregating $1,777.52, and he has recovered in this action the sum of $2,515.56 for a balance of commissions, together with interest thereon. It is not reasonable to infer that plaintiff did not know at the time he received and used this check that it did not cover commissions on the so-called book accounts of the defendant on orders received without his intervention, from whom customers he had procured one or more orders. In fact he does not pretend but that he knew it did not cover commissions on such orders, for he says that he was in doubt as to whether the defendant would pay what it owed him; that he was anxious to get the check cashed; and he further testified on this point as follows:

"I expected to get what I was entitled to, but I did not. I took the check. I certainly nailed it quick. I suppose I would have taken anything then. I would have thrown twenty-five dollars back in contempt; but I might have taken $100 on account if I could not get any more. When we got up to $500 I did not think that was pretty near what I ought to have. * * * I wanted to get what I was entitled to if I could, and I took the check, as one-half a loaf is better than none."

The plaintiff's claim was unliquidated. The defendant, through its employés, asserted its view of the contract, and drew and delivered the check on that basis. Plaintiff had asserted a different claim under the contract, and he accepted and used the check, knowing that the defendant claimed it was in full settlement, and having reason to believe that it was not the full amount to which he was entitled on the contract as he claimed it to be. This, therefore, was a plain case for the application of the doctrine of accord and satisfaction and the plaintiff was only entitled to recover on orders, if any, received after the 1st day of January, 1905, upon which he had not been paid.

It follows therefore that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.