## CORNELL v. TAYLOR.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. ACCORD AND SATISFACTION (§ 10*)—COMPROMISE AND SETTLEMENT (§ 6*)— DISPUTED CLAIMS.

A claim that defendant had agreed to pay $140 for what in fact was worth only $75 is not, in the absence of fraud or misrepresentation, a dispute of the validity of the demand for $140, and cannot be made a basis for an accord and satisfaction, since a dispute as to a moral obligation to pay cannot be made a basis for an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 66, 67; Dec. Dig. § 10;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

2. ACCORD AND SATISFACTION (§ 27*)—COMPROMISE AND SETTLEMENT (§ 28*)— DISPUTED CLAIM—QUESTION FOR JURY.

Plaintiff furnished materials and performed services, for which defendant agreed to pay $140. Defendant subsequently informed plaintiff that a third person had stated that the agreed compensation was exorbitant. Plaintiff went with defendant to the third person, who denied that he had made any such statement. Subsequently defendant admitted that he had made a mistake, and promised to pay the demand in full. He sent a money order for $75, together with a letter, stating that it was sent in full payment of the claim. The order was cashed by plaintiff. *Held*, that the question whether there was an honest dispute between the parties which could be made the basis of an accord and satisfaction was at least for the jury.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 27;* Compromise and Settlement, Dec. Dig. § 28.*]

3. ACCORD AND SATISFACTION (§ 10*)—COMPROMISE AND SETTLEMENT (§ 6*)— PART PAYMENT—DISPUTED CLAIM.

Unless there is an honest dispute between the parties as to the amount due, an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 66, 67; Dec. Dig. § 10;* Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

Houghton, J., dissenting.

Appeal from Trial Term, Broome County.

Action by William T. Cornell against Charles P. Taylor. From a judgment of dismissal, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Reversed, and new trial granted.

In May, 1907, plaintiff furnished a casket to the defendant and performed services for him in connection with the death of his wife at the agreed sum of $140. To secure this sum defendant gave to the plaintiff an order upon the Prudential Life Insurance Company, in which company the life of his wife was insured for his benefit. Before the order reached the main office of the company the defendant himself had drawn the full amount of the said life insurance. Thereafter the defendant sent to the plaintiff a money order for $75, together with a letter, which was interpreted by the plaintiff to state that the moneys were sent in full payment of the plaintiff's claim. It was stated in the letter that the defendant had priced caskets in the city of Rome and found that from $60 to $75 was a fair price for the casket furnished by the defendant and the work done. The plaintiff's attorney wrote to the defendant that the order would not be accepted as payment in full, and that it would be in the hands of the plaintiff subject to his order. The order was,

however, cashed by the plaintiff about the 1st of August. The learned trial judge has held as matter of law that this constituted an accord and satisfaction of the plaintiff's claim.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Charles R. Stewart, for appellant.

E. O. Worden, for respondent.

SMITH, P. J. In Simons v. American Legion of Honor, 178 N. Y. 265, 70 N. E. 776, the law seems to be declared by the Court of Appeals as follows:

"Now it is the settled law of this state that if a debt or claim be disputed or contingent at the time of payment, the payment when accepted of a part of the whole debt is a good satisfaction, and it matters not that there was no solid foundation for the dispute. The test in such cases is: Was the dispute honest or fraudulent? If honest, it affords a basis for an accord between the parties which the law favors, the execution of which is the satisfaction."

Can it be held in this case that there was an honest dispute between the parties?

It will be noticed that there was no claim of fraudulent representation; simply a claim that he had agreed to give $140 for what in fact was worth only $75. Without fraud or misrepresentation on the part of the defendant, that would not constitute a dispute of the validity of the plaintiff's claim. A dispute as to the moral obligation to pay cannot be made a basis for an accord and satisfaction. But, more than that, thereafter the plaintiff went to Rome and was told by the defendant that he was informed by a certain undertaker there that the claim was exorbitant. The plaintiff went with the defendant to the undertaker's, and there in the presence of the defendant the undertaker denied that he had told the defendant anything of the kind. After this conversation the defendant admitted to the plaintiff that he had made a mistake, and promised to pay the balance of the bill before spring. These facts would seem to indicate that at least there was a question for the jury as to whether there was an honest dispute which could be made the basis of an accord and satisfaction, for without such an honest dispute an agreement to take a lesser amount in payment of a liquidated claim is without consideration and void. Fuller v. Kemp, 138 N. Y. 237, 33 N. E. 1034, 20 L. R. A. 785.

But the defendant contends that the action is brought for fraudulently misrepresenting that the defendant had the policy of insurance in the Prudential Life Insurance Company, and that the plaintiff has failed to prove any such cause of action. It is difficult to see why the plaintiff should have alleged such misrepresentation, and thereafter have alleged that the defendant drew the moneys from the Prudential Life Insurance Company, which would seem to show conclusively that there could not have been any fraudulent misrepresentation of the fact. Eliminating these inconsistent declarations, there remains an allegation of a fraudulent conversion of funds held by the Prudential Life Insurance Company for the defendant, which he had assigned to the plaintiff, and such a cause of action would seem to be supported by the proof.

The judgment and order should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except HOUGHTON, J., who dissents.