davits in opposition, and the case was not tried until December, an order denying the motion, without stating any grounds, would be reversed.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 52; Dec. Dig. § 37.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the John J. Daly Iron, Steel & Metal Company against the United States Metal & Manufacturing Company. From an order denying defendant's motion for a commission to take testimony of witnesses, it appeals. Reversed.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Charles J. Hardy, for appellant.
Lawrence T. Gresser, for respondent.

Order reversed, with $10 costs to appellant.

---

(76 Misc. Rep. 574.)

JOHN J. DALY IRON, STEEL & METAL CO. v. UNITED STATES METAL & MFG. CO.

(Supreme Court, Appellate Term, Second Department. May, 1912.)

ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 5*)—CHECKS—ACCEPTANCE.

Where voucher checks reciting that they were payments "in full" were received by plaintiff, and he receipted and deposited them after crossing out the words "in full," and there was no explanation as to why such words were erased, they constituted an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11;* Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the John J. Daly Iron, Steel & Metal Company against the United States Metal & Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before KELLY, JAYCOX, and CLARK, JJ.

Charles J. Hardy, for appellant.

Lawrence T. Gresser, for respondent.

PER CURIAM. We think that the receipt and deposit of the voucher checks, reciting that the payments were "in full," constituted an accord and satisfaction, unless explained in some way. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Gribble v. R. Van Praag Supply Co., 124 App. Div. 829, 109 N. Y. Supp. 242. The amount due was in dispute. The parties were at odds over the weights. Plaintiff received the vouchers, but crossed out the words "in full," receipting them and depositing them. Nothing is said about it on the trial, except the bare statement of plaintiff's president that he "scratched out" the words. Unless there is some explanation, this constitutes an accord and satisfaction.

Again, the plaintiff failed to show the weights as returned by the mills. We do not say this was an essential part of plaintiff's case, and defendant failed to show these weights, possibly because it was denied a commission to examine the witnesses at the mill. The written order provides that payments are to be made according to the weights shown by the returns from the mill. There is nothing inconsistent in the written and printed part of the order. If there were, doubtless the written part would control. But they relate to different subjects—one, the written part, provides for delivery in Long Island City; the other, the printed part, for weighing by the mill. If the weight at Long Island City and the weight at the mill differed, it may be that plaintiff can explain it, or that the court will find that part of the goods was lost in transit. But we think it is clear that defendant had the right to show the weight at the mill.

Judgment reversed, and new trial ordered, with costs to abide event.