# CASES

DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## MARCH TERM, 1915.

5668. RYAN *v.* PROGRESSIVE RETAILER PUBLISHING COMPANY.

1. Where the amount of a debt is unliquidated or disputed, and the debtor tenders his check for a less amount, containing the statement that it is "in full of all demands against" the maker, and the creditor accepts the check, indorses it, and collects and retains the money, there is a valid accord and satisfaction, although the creditor, at the time of receiving the check, protests to the debtor that he does not accept it in full payment, but accepts it "only as a credit on account."

(a) This ruling is not altered by the fact that, in a letter sent to the debtor on receipt of the check, the creditor, after stating that he accepts it "only as a credit on account," adds: "Please advise promptly or stop payment on the check, if this is not satisfactory;" and that, after holding the check for two weeks without any reply from the creditor, he cashes it and uses the money.

(b) It is immaterial that the creditor, after receiving the check, erases therefrom, without the consent of the debtor, the words "in full of all demands against" the maker.

2. A claim is unliquidated when there is a bona fide contention that the debtor is not liable for the full amount.

3. Whether there is such a bona fide contention is ordinarily a question for the jury.

DECIDED MARCH 18, 1915. REHEARING DENIED APRIL 12, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. November 15, 1915.

Horton C. Ryan, of St. Louis, and the Progressive Retailer Publishing Company, of Atlanta, made a contract by letter, in March, 1911, for services to be rendered by him until January 1, 1912, as a solicitor of advertising in St. Louis for a trade journal pub-

lished by that company. His connection with the company was terminated by it in July, 1911, and he brought suit against it in November, 1911, for a sum which included the monthly compensation fixed by the contract for the months following July, 1911. The defendant pleaded that its indebtedness to the plaintiff was settled in full by a check for $50, which he collected. The case was submitted to the judge for determination upon an agreed statement of facts, and the judgment was in favor of the defendant. This judgment was complained of in the plaintiff's motion for a new-trial, as contrary to law and to the evidence; the motion was overruled, and he excepted.

The agreed compensation was $25 per month and a commission of 20 per cent. on all advertising from St. Louis. On May 20 the plaintiff secured an advertisement which the defendant published for $10. On July 8, 1911, the defendant wrote to the plaintiff: "If we do not receive some business from your office by Monday, July 10, we shall consider our connection with you voided. . . We have to date received only.$10 gross business from your office." The plaintiff's reply, dated July 10, 1911, concluded as follows: "If you are still not satisfied, would suggest that we quit on ·the 27th as above stated, and you can mail me check for $50, covering June and July, and we'll close the account." In reply to this the defendant, on July 17, wrote: "We will dispense with your services on and after July 27th unless in the meantime you can secure enough business for our August issue to warrant a continuation of our past connections. I have instructed our bookkeeper to mail you a check for the amount due you." On July 31 the plaintiff sent to the defendant a "statement for $50 due" him. On August 2 the defendant promised to give the matter attention, and on August 28 promised that it would be adjusted as soon as possible. On September 15 the plaintiff wrote requesting a remittance of the $50 "due one half since June 1st and the balance since July 1st." On October 2 the defendant wrote to the plaintiff: "We have decided that this company never received any tangible results from the money paid you, and therefore this claim can not be allowed." The agreed statement of facts concludes as follows: "On October 16 and on October 21, 1911, the plaintiff, through his attorney at law, made demand on the defendant for payment of the amount due, by letter and in a conversation between Mr. Dean E.

Ryman, plaintiff's attorney, and the manager of the defendant company. . . On October 23 the defendant mailed to the plaintiff a check on the Fulton National Bank of Atlanta for $50, marked 'in full of all demands against this company.' After one or two other interviews with the manager of the defendant company, plaintiff's attorney, . . having received the $50 check from St. Louis, wrote the defendant as follows: 'Mr. Ryan has decided to accept your check of the 23d instant. . . He will, however, accept the same only as a credit on account. I have about decided to wait another month before bringing suit for the balance due Mr. Ryan. Please advise promptly or stop payment on the check if this is not satisfactory.' No reply to this letter was made by the defendant to either the plaintiff or his attorney, and after waiting two weeks the plaintiff cashed the check and appropriated the proceeds to his own use."

*Dean E. Ryman, G. Scott Candler,* for plaintiff, cited, as to accord and satisfaction: Civil Code, §§ 4241, 4328; 1 Ruling Case Law, 183 (13), 187 (18), 188, 196 (32), 197, 198 (33); *Armour* v. *Ross,* 110 *Ga.* 403 (7); *National Duck Mills* v. *Catlin,* 10 *Ga. App.* 240 (2), 243; *Georgia R. Co.* v. *Gouedy,* 111 *Ga.* 310 (2), 312; *Wilcox* v. *Rogers,* 13 *Ga. App.* 410; *Stewart* v. *Stephens,* 7 *Ga. App.* 453; *Redmond* v. *A. & B. Ry.,* 129 *Ga.* 133; *Robinson* v. *Leatherbee Tie Co.,* 120 *Ga.* 901 (2); *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520; *Garbutt Lumber Co.* v. *Wilcox,* 6 *Ga. App.* 52; *Carlton* v. *W. & A. R. Co.,* 81 *Ga.* 531 (3); *Strodder* v. *Southern Granite Co.,* 94 *Ga.* 626; *East Tenn. &c. R. Co.* v. *Hays,* 558; *Hamilton* v. *Stewart,* 105 *Ga.* 300; s. c. 108 *Ga.* 472; *Walker* v. *O'Neill Mfg. Co.,* 128 *Ga.* 831 (2), 835; *Jenkins* v. *B. & L. Asso.,* 111 *Ga.* 732; *Walker* v. *Wadley,* 124 *Ga.* 282; Civil Code, § 5741; *Cincinnati Glass Co.* v. *Stephens,* 3 *Ga. App.* 766; *Capital City Brick Co.* v. *Atlanta Ice Co.,* 5 *Ga. App.* 436; *Fuller* v. *Kemp,* 138 N. Y. 231 (20 L. R. A. 785).

*C. L. Pettigrew,* for defendant, cited: *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520; *Redmond* v. *A. & B. Ry.,* 129 *Ga.* 133, 141, and citations; *Garbutt Lumber Co.* v. *Wilcox,* 6 *Ga. App.* 52; Civil Code, § 5741; *McClendon* v. *Wilson,* 52 *Ga.* 48; *Bray* v. *Gunn,* 53 *Ga.* 148; Field *v.* Farrington, 10 Wall. 141; Wigmore on Evidence, § 1703.

BROYLES, J. Ryan, an advertising solicitor in St. Louis, sued

the Progressive Retailer Publishing Company, of Atlanta, for salary and commission. The contract between them was evidenced by certain letters written by both parties. The case was submitted to the trial judge upon an agreed statement of facts. The plaintiff claimed there was due to him $127, of which $2 was commission, and the remainder salary, with interest thereon. The defendant, in its answer, contended that it owed the plaintiff nothing, and pleaded an accord and satisfaction. The trial judge found for the defendant.

1. In *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520 (61 S. E. 1134), this court held that, "where the aggregate amount of an account is in dispute, but the debtor concedes a liability for a part thereof, and tenders that sum in payment, on the condition that it shall be in full settlement, the creditor, by retaining and using the money, check, or other thing of value so tendered, extinguishes the whole account, notwithstanding he protests, at the time, that the remainder of his claim is still due and owing." In that case Judge Powell, after quoting from Chicago Railway Co. *v.* Clarke, 178 U. S. 353 (44 L. ed. 1099, 30 Sup. Ct. 924), said: "In such cases, if the debtor tenders the sum as to which he is willing to concede a liability, on condition that it is to be accepted in full settlement, the creditor must decline the tender and not retain and use the money, check, or other thing of value offered in full settlement." He cited also, in support of that ruling, *Redmond* v. *Atlanta & Birmingham R. Co.,* 129 *Ga.* 140 (58 S. E. 874) ; *Walker* v. *O'Neill Mfg. Co.,* 128 *Ga.* 835 (58 S. E. 475); *Walker* v. *Wadley,* 124 *Ga.* 286 (52 S. E. 904) ; *Jenkins* v. *National Building Association,* 111 *Ga.* 732 (36 S. E. 945) ; *Hamilton* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184) ; s. c. 108 *Ga.* 472 (34 S. E. 123). In *Jenkins* v. *National Building Association,* supra, it was held: "When a debtor pays to a collecting agent a given sum of money upon the express condition that the same is to be accepted by the principal of the latter in full settlement of all demands against the debtor, it is the duty of the creditor, within a reasonable time after being informed of the condition on which the payment was made, to notify the debtor whether or not his offer of settlement is accepted, and if not, to return to him the money received." Justice Cobb in that case said: "In *Hamilton* v. *Stewart* [supra] it was held that where a debtor remitted to a creditor

less than the amount of the debt as claimed by the creditor, upon the distinct understanding that the same was to be received in full discharge of the debt, if the creditor did not, within a reasonable time after the money was received, repudiate the offer and return the money remitted to him, all liability on the debt would be discharged. When the case was before the court a second time (108 Ga. 472), the necessity for the return of the money within a reasonable time was emphasized, and it was intimated that a bare refusal to accede to the proposition to accept the amount in full discharge would be unavailing to the creditor in the absence of a return of the money." And in the *Hamilton* case, supra, Justice Cobb, in addition to what has been quoted above, said: "Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition. In the case of Fuller *v.* Kemp [138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 1075] it appeared that the plaintiff had sent a bill of $670 to the defendant, and that the latter declined to pay the bill rendered, but sent a check for $400, stating that it was to be in full satisfaction of plaintiff's claim. Plaintiff retained the check, but sent another bill for the same amount as the first bill, on which he credited the amount of the check as part payment. The defendant at once notified plaintiff that he had sent the check on condition that it should be received in full payment of his bill, and that plaintiff must either keep it on that condition, or immediately return it. It was held that the debt, which was unliquidated, was satisfied by the retention of the check, since its acceptance involved the acceptance of the condition also. A similar ruling was made in the case of Nassoiy *v.* Tomlinson [148 N. Y. 326, 42 N. E. 715, 51 Am. St. R. 695]. In the case of Petit *v.* Woodlief [115 N. C. 120], 20 S. E. 208, it was held that 'where a draft for part of an indebtedness was sent by letter, both draft and letter stating that it was to be in full payment of the debt, the creditor, by converting the draft into money, elects to accept the compromise, and the debt is thereby discharged in full.'" See also *Walker* v. *O'Neill Mfg. Co.,* supra; *Wilcox* v. *Rogers, 13 Ga. App.* 410 (79 S. E. 219).

The decision in *Stewart* v. *Stephens,* 7 *Ga. App.* 453 (67 S. E. 199), relied upon in the brief of counsel for the plaintiff in error,

is not in conflict with the ruling here made, for in that case, when the creditor, Stephens, drew his draft on the debtor for a less amount than he claimed was due him, and the debtor honored the draft and Stephens received the money, there was nothing said by the debtor about its being a payment in full satisfaction of Stephens' claim; and it was expressly ruled that, because of such omission, there was no valid accord and satisfaction.

"It is elementary law that a debtor has the right to attach to a tender such lawful condition as he pleases. And, therefore, where a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction, in the absence of fraud, imposition, or mistake. And this is so wholly irrespective of the grounds upon which defendant declines to pay, and proposes to deny his liability for, the balance. The acceptance is an assent de facto, and the creditor is bound by it. Nor is it necessary that there be express words of assent to the proposition. On the contrary the rule applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary." "When a claim is disputed or unliquidated, and the tender of a draft or check in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof, by the creditor, constitutes an accord and satisfaction. And it is immaterial that the creditor does not return a receipt in full, or that he sends receipt 'on account,' or protests that he does not accept the tender in full satisfaction of the claim. If he is not willing to accept the check in full payment, it is his duty to return it without using it." The above quotations are from 1 Corpus Juris, 561, 562, 563, which cites, in support of what is there said, numerous authorities from practically all the States, including many from Georgia.

We have no hesitation in deciding that the plaintiff in error had no right to erase from the check received by him from his debtor the words, "in full of all demands against this company." This action of his, without the knowledge or consent of his debtor, did not change in any respect the status of their litigation. "The erasure or alteration of the condition expressed in a check by the creditor, without notice to and assent by the debtor, will not prevent its acceptance from constituting an accord and satisfaction, since, if the creditor were allowed to accept it for a different purpose than that allowed, it would be to allow him to make a contract with defendants without their knowledge and consent." This is quoted from 1 Corpus Juris, 564, and in support of this statement the following cases are there cited: Worcester Color Co. *v.* Henry Wood's Sons Co., 209 Mass. 105 (95 N. E. 392); Smith *v.* Bronstein, 107 N. Y. Supp. 765; Kerr *v.* Sanders, 122 N. C. 635 (29 S. E. 943); Hull *v.* Johnson, 22 R. I. 66 (46 Atl. 182); Hussey *v.* Crass (Tenn. Ch.), 53 S. W. 986; Gribble *v.* Raymond etc. Co., 124 App. Div. 829 (109 N. Y. Supp. 242). In the case last cited the ruling was as follows: "There is accord and satisfaction where plaintiff asserted that, under his contract of employment, he was entitled to commissions, not only on orders taken by him personally, but on those sent in by his customers, and defendant asserted the contrary, and on that basis drew and delivered a check, reciting that it was in full for commissions, and plaintiff, having reason to believe that it was not the full amount to which he was entitled on the contract as claimed by him, but knowing that defendant claimed it was in full, accepted and used it, striking out, unknown to the defendant, the recital that it was in full."

2. There is considerable uncertainty in the text-books and in the decisions of the courts as to when a claim is "liquidated" or "unliquidated." "The word 'liquidated,' in the sense of the rule that payment of a lesser sum is a discharge as to the remainder where the amount in dispute is unliquidated, but that it is not a discharge when it is liquidated, means that the amount due has been ascertained and agreed on by the parties, or fixed by operation of law. The rule does not apply where there is a bona fide dispute as to the amount actually due." Treat *v.* Price, 47 Neb. 875, 883 (66 N. W. 834, 836). "A demand is not liquidated, even if it appears that something is due, unless it appears how

much is due; and when it is admitted that one of two specific sums is due, but there is a general dispute as to which is the proper amount, the demand is regarded as 'unliquidated,' within the meaning of that term as applied to the subject of accord and satisfaction." 5 Words & Phrases, 4174, citing Lestienne *v.* Ernst, 5 App. Div. 373 (39 N. Y. Supp. 199, 200), citing Nassoiy *v.* Tomlinson, supra; Ives *v.* Jefferson County Sup'rs, 18 Wis. 166, 168; Clark *v.* Dutton, 69 Ill. 521, 523; Greenlee *v.* Mosnat, 116 Iowa, 535 (90 N. W. 338). "A claim is not liquidated when the balance due is fairly disputed." Pollman etc. *v.* City of St. Louis, 145 Mo. 651 (47 S. W. 563, 564). "Where there is a controversy over a set-off, and the balance due the plaintiff is fairly in dispute, the claim can not be treated as liquidated, although the items of the plaintiff's claim are not disputed." Ostrander *v.* Scott, 161 Ill. 339 (43 N. E. 1089). "An account is to be considered as liquidated after a demand of payment, with knowledge of what is claimed upon the part of the debtor, and without objection by him; or after it has been rendered to him without objection to it on his part within a reasonable time." Henderson Cotton Mfg. Co. *v.* Lowell Machine Shops, 86 Ky. 668 (7 S. W. 142). These decisions are cited in 5 Words & Phrases, 4174, and Justice Beck quotes from them approvingly in *Redmond* v. *Atlanta & Birmingham R. Co.*, 129 *Ga.* 138 (58 S. E. 874). In *Hargroves* v. *Cooke,* 15 *Ga.* 321, the Supreme Court held that "a debt or demand is liquidated when agreed on by the parties, or fixed, as to the amount, by operation of law," and Judge Lumpkin, who wrote the decision, said (p. 332) : "When is a debt said to be *liquidated*—a distinction so prominently preserved throughout the whole of our legislation? I answer, whenever the amount due is agreed upon by the parties, or fixed by operation of law. A debt may be in writing, and not liquidated, or vice versa, it may be liquidated, though not in writing. Open accounts are raised by one party only. The merchant, the mechanic, and all others with whom we deal, may charge what they please. It is an ex parte affair. The account is open till agreed to by the other party. It may be scaled, by showing that the goods or work is overcharged. A shop-keeper may produce a written order for every item in his customer's bill. Still, this does not liquidate it. On the other hand, there may be no written proof; still, if the debtor has acknowledged the justice of the ac-

count, it is no longer the act of one party, but the agreement of both—it is liquidated. The case of Lawson and Nisbet, so often cited, sufficiently illustrates what is meant by liquidation, by operation of law. It is the collection of money by an agent, the payment of a debt by a security, and such like cases, where the liability is for a fixed and precise sum, or nothing at all." So we must consider the claim in the instant case as one which is unliquidated and in dispute.

3. Whether there was a bona fide dispute between the parties is ordinarily a question for the jury. In *Carlton* v. *Western & Atlantic R. Co.*, 81 *Ga.* 531 (7 S. E. 623), the Supreme Court held, that "It should have been left for the jury to determine whether the wages as well as the damages were in dispute, and whether the settlement covered all." See also Beaver v. Porter, 129 Iowa, 41 (105 N. W. 346) ; Greenlee v. Mosnat, supra; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367 (73 N. E. 61) ; Cornell v. Taylor, 137 App. Div. 496 (122 N. Y. Supp. 157) ; McCormick v. Shea, 47 Misc. 613 (94 N. Y. Supp. 485). In the latter case it was held, that, "Where the question as to whether there was an accord and satisfaction depends on whether or not the claim was liquidated, and there is some evidence of dispute and difference as to the respective obligations of the parties, it should be submitted to the jury, and the determination of the question by the court is error."

The learned trial judge in this case, sitting as a jury, determined this question in favor of the defendant, and, the evidence being sufficient to support the verdict, his judgment overruling the motion for a new trial is                                    *Affirmed.*