## Lesley v. Deeter.

*Accord and satisfaction—Payment on condition—Landlord and tenant—Termination of lease—Notice of intention to terminate.*

1. To constitute a good accord and satisfaction there must be a dispute, payment offered in satisfaction, accompanied with a declaration equivalent to a condition that if accepted it shall be in satisfaction, and the payee must be informed at the same time it is to be in full settlement.

2. Where a tenant sends to his landlord a check for less than the stipulated rent, with an entry on its face that it is in payment of rent, less a deduction for a credit claimed, the use of the check constitutes an accord and satisfaction, notwithstanding the landlord, before using the check, endorsed on it that it was accepted on account.

3. Where a written lease provides that it is for a term of one year and until a notice of ninety days is given, and thereafter from year to year, and an agreement is made by the parties at the end of the term for a further term of one month, and if the lessee continues after such period, then the lease to continue for a further term of eleven months, and all other provisions of the lease to stand, it is not necessary for the lessee to give ninety days' notice prior to the expiration of the eleven months' term. The special agreement constituted such notice.

Motion for judgment on points reserved. C. P. Delaware Co., June T., 1920, No. 887.

*W. R. Fronefield,* for plaintiff; *J. E. McDonough,* for defendant.

BROOMALL, J., Nov. 26, 1921.—This suit was brought by the plaintiff against the defendant for the purpose of recovering rent alleged to be owing under the terms of a lease dated March 7, 1917. Upon the trial, a verdict was rendered in favor of the plaintiff for the full amount of her claim, consisting of two sums, amounting to $249.64, with interest from Aug. 15, 1920, and the sum of $500, with interest from the same time, subject to the following two points of law reserved, to wit:

1. If the court be of the opinion that the rent was paid by the checks referred to, then your verdict is to be reduced by the sum of $249.64, with interest from Aug. 15, 1920; and

2. If the court be of the opinion that the defendant is not liable in law for the rent referred to subsequent to April 15, 1920, then there shall be deducted from the verdict the sum of $500, with interest from Aug. 15, 1920.

If the court be of the opinion that in law the defendant is not liable on either of these claims, then the court shall enter judgment in favor of the defendant.

The lease demises certain property to the defendant for a term of one year, beginning April 15, 1917, at an annual rent of $1380, payable quarterly on the 15th days of April, July, October and January, and gives to the lessee the option of renewing it for another year at the rent of $1500 per annum, payable quarterly in advance. It also contains a provision that, if the lessee holds over after the expiration of the term thereby created with the consent of the lessor, "It shall be deemed and taken to be a renewal of this lease and of all of the terms, conditions, covenants and provisos therein contained for the term of another year, and so on from year to year until either party shall give ninety days' previous notice to the other of an intention to determine the tenancy at the end of any term."

The sum of $249.64, referred to in the first reservation, refers to a claim of the plaintiff against the defendant for non-payment of the full amount of the rent from Aug. 15, 1919, to April 15, 1920. The defendant contends that this rent was paid by an accord and satisfaction. A dispute arose between the parties with respect to the following clause in the lease: "The lessor agrees to install an engine for additional water supply." The defendant con-

tended that, on account of this not being done, there was an insufficient water supply, and then followed payments of rent with deductions as heretofore stated.

On Aug. 15, 1919, the defendant sent to the plaintiff a check for $110, drawn to the order of the plaintiff, with the following entry on its face, "In payment of rent to 9-15-19," with a letter accompanying it stating, "In payment of rent to September 15, less $15, which have been deducted on account of insufficient water supply." This check was endorsed by the plaintiff, "Accepted on account" and paid. On Sept. 18, 1919, the defendant sent a check to the plaintiff for $110, drawn to her order, with an entry on its face, "Rent to October 15, 1919," which was endorsed by the plaintiff, "Accepted on account" and paid.

On Oct. 15, 1919, the defendant mailed a check to plaintiff's attorney for $110, drawn to plaintiff's order, with a letter stating that it was in payment of rent for the month beginning Oct. 15, 1919. This check was endorsed by plaintiff and paid.

On Nov. 15, 1919, the defendant sent a check to the plaintiff's attorney for $110, drawn to her order, with an entry on its face, "Rent to December 15, 1919," which is endorsed by the plaintiff, "Received on account" and paid. This check was accompanied with a letter stating that it was for rent from Dec. 15th.

On Jan. 22, 1920, defendant sent a check to plaintiff's attorney for $100.36, drawn to plaintiff's order, with an entry on its face, "In full settlement of rent to February fifteenth, 1920," which was endorsed by the plaintiff, "On account of rent from 12-15-19 to 1-15-20, and on account of rent from 1-15-20 to 2-15-20." The check was paid. It was accompanied with a statement showing that it was made up by crediting two months' rent, $250, and deducting $20 for lack of water, and $130.64, cost of installing a new engine.

On Feb. 14, 1920, she sent a check to plaintiff's attorney for $100, drawn to plaintiff's order, with an entry on its face, "Rent in full to March 15, 1920, which was endorsed by the plaintiff, "On account of rent February 15, 1920, to March 15, 1920." This check was accompanied with a letter showing that it was made up by crediting one month's rent, $125, and deducting $15 for lack of water, and $10 are in deduction for lack of water in last remittance.

On March 18, 1920, the defendant sent a check to the plaintiff for $110, drawn to her order, with an entry on its face, "Rent to April 15, 1920," which was endorsed by the plaintiff, "Received on account" and paid.

The question which arises on this branch of the case is whether these checks constitute an accord and satisfaction.

To constitute a good accord and satisfaction, there must exist the following circumstances:

1. A dispute. 2. The payment offered in satisfaction. 3. Accompanied with a declaration equivalent to a condition that if accepted it shall be in satisfaction. 4. The payee must be informed at the same time it is to be in full settlement.

There is no question but that these requirements exist in this case and constitute a good accord and satisfaction: Christman v. Martin, 7 Pa. Superior Ct. 568; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Washington N. Gas Co. v. Johnson, 123 Pa. 576. It is not essential that the payer shall notify the payee that, unless accepted, his remittance shall be returned. This only has the effect of emphasizing the payment as a full settlement, and where it appears that the payment is undoubtedly offered as a full settlement, a notice to return if not accepted is not necessary, because it is the duty of the payee

1 D. & C.

to return it if it is not accepted. All this is true unless the plaintiff's qualified acceptance of them derogates from their effect.

"Where an offer of an accord is made upon the condition that it is to be taken in full of demand, the party to whom it is made has no alternative but to refuse it or accept it upon such condition, and if he takes it, no protest or declaration made by him at the time can affect the case:" 1 Am. & Eng. Ency. of Law, 422.

"The party paying money has the right to direct its appropriation. It is the duty of the recipient to accept a check stated to be in full, for the purpose for which it is offered, or to return it:" Washington N. Gas Co. *v.* Johnson, 123 Pa. 576.

"It is essential in such cases that there shall be a valid dispute, that the tender and acceptance of the sum offered is in settlement of the controversy between the parties before it can operate as an accord and satisfaction:" Slocum Co. *v.* St. Clair, 52 Pa. Superior Ct. 98.

In Polin *v.* Weisbrot, 52 Pa. Superior Ct. 312, Henderson, J., citing cases, says: "These cases hold that, where in case of dispute a payment is offered in satisfaction of a demand, the party to whom it is made must refuse it or accept it, or the condition on which it was made goes with it. It is necessary that the offer be accompanied with such a declaration or statement as is equivalent to a condition that if the payment be accepted it shall be in discharge of the claim."

We have been referred to no Pennsylvania authority upon the subject of conditional acceptance by endorsing upon the check that it is on account.

In Kerr *v.* Sanders, 122 N. C. 635, 29 S. E. Repr. 943, the law is stated that, where a check bearing the words "In full for service" was accepted, although when cashed the payee endorsed thereon the words "Accepted for one month's services," the mere use of the check was such an acceptance as to constitute a full satisfaction.

In Goodloe *v.* Empson Packing Co. (Mo.), 122 S. W. Repr. 771, 27 L. R. A. (N. S.) 439, where the check was unmarked, but the receipt attached to the voucher for the account which accompanied the check was marked, "In full payment for above account," and the payee scratched out the word "full" and wrote over it in ink the word "part," it was held that the mere receipt of the remittance was such an acceptance as to constitute an accord and satisfaction.

Where an agent received from his principal a check bearing the words "Payment in full for commissions" without objection, and there had been a dispute as to the exact amount due him, it was held in Gribble *v.* Raymond Van Praag Supply Co., 124 App. Div. 829, 109 N. Y. Supp. 242, that there was an accord and satisfaction, notwithstanding that he struck out the words "Payment in full for commissions" before he had the check cashed: 27 L. R. A. (N. S.) 439.

The acceptance of such check is an acceptance of the condition, notwithstanding any protest that he may at that time or afterward make to the contrary: Canadian Fish Co. *v.* McShane (Neb.), 14 L. R. A. (N. S.) 443.

Of course, there must appear in an accord and satisfaction an *aggregatio mentium*, but a payee has no right to accept the payment upon any other terms than those made by the payer, and, hence, the endorsement of a conditional acceptance is treated as a nullity. Therefore, the receipt of the money upon the terms proposed constitutes a meeting of the minds upon those terms.

We, therefore, conclude that, as to the arrears of rent, there has been an accord and satisfaction, and that, therefore, the defendant is not further liable.

Lesley v. Deeter.

Upon the question presented in the second reservation, there are two clauses in the lease with respect to holding over.

The first of these, which is in the printed form, is: "If the lessee shall hold over after the expiration of the term hereby created with the consent of the lessor, it shall be deemed and taken to be a renewal of this lease and of all the terms, conditions, covenants and provisos therein contained for the term of another year, and so on from year to year until either party shall give ninety days' previous notice to the other of an intention to determine the tenancy at the end of any term."

The second of these, which immediately follows the above and is in writing, is: "The lessee is hereby given the option of renewing this lease for one more year, at the rental of Fifteen hundred dollars per annum, payable quarterly in advance."

At the end of the first year, which expired on April 15, 1918, the defendant, having the right to hold over for one year at the rent of $1500 per annum, continued in possession. This made the end of the term April 15, 1919. On April 9, 1919, the defendant requested of the plaintiff to be allowed to stay another month, to wit, from April 15, 1919, to May 15, 1919, at the same rent. This was followed by a letter from defendant to plaintiff's attorney on April 14, 1919, enclosing a check for $250. This was for $80 arrears of rent due April 15, 1919, and the $125 for rent of one month from April 15, 1919, to May 15, 1919, and this was followed by a letter from defendant's attorney under date of April 15, 1919, saying: "We will pay you to-day two hundred and five dollars for the occupancy of the property in Middletown Township leased until May 15, 1919, with no further liability after that time for rent unless my client, Dr. Deeter, stays over after the fifteenth day of May, 1919, in the property, and if she does, then the lease to continue until April 15, 1920, at one hundred and twenty-five dollars per month from May 15, 1919, under the terms of the old lease."

This was answered by plaintiff's attorney to defendant's attorney under date of April 17, 1919, stating: "With the permission for Dr. Deeter to occupy the Middletown Township property known as that part of the Clothier property leased to her by Mrs. Lesley until May 15, 1919, without any further liability, unless Dr. Deeter holds over after the fifteenth of May, 1919, and if she does, then the lease is to continue until April 15, 1920, with rent at one hundred and twenty-five dollars per month from May 15, 1919, until April 15, 1920," and "all the other terms of the old lease stand if she holds over after May 15th until April 14, 1920."

The question, therefore, is this: "Where there is a stipulation in a lease that if the tenant hold over after the end of the term with the consent of the lessor, the lease, with all of its covenants, is renewed for another year, and so on from year to year until either party gives to the other ninety days' previous notice of an intention to determine the tenancy at the end of any term, and the parties during a hold-over term, and more than ninety days prior to its termination, agree that the end of the current year is the end of the tenancy, although they agree that the present occupancy is under all of the other terms of the lease, does the fixing of the end of the lease by the parties conclude the right to assert a hold-over?"

The tenant stipulates to the landlord for a continuance of the lease to April 15, 1920, under the terms of the old lease. The landlord acquiesces in a continuance of the lease to April 15, 1920, with all the other terms of the old lease to stand. The tenant moves out on April 15, 1920, and the landlord endeavors to find a tenant.

1 D. & C.

Lesley v. Deeter.

The parties have thereby agreed that the right to occupy ends with April 15, 1920, and this is done more than ninety days prior to that date. It follows that neither can assert an occupancy after April 15, 1920.

We are, therefore, of opinion that the plaintiff is not entitled to require the defendant to pay rent arising after April 15, 1920.

It follows, therefore, that we enter judgment on the points reserved in favor of the defendant and against the plaintiff, with costs.

From A. B. Geary, Chester, Pa.